IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **JOHN RUSSELL PENN, #08782-062** | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:04cv131** |
| **DAVID JUSTICE, ET AL.** | § | |

**ORDER OF DISMISSAL**

Plaintiff John Russell Penn, a prisoner confined at F.C.I. Texarkana, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 28 U.S.C. § 1331 and in the nature of *Bivens*[1] lawsuit. The Defendants remaining in the lawsuit are Dr. A. Kahl, Education Supervisor Bertie Fuller, Case Manager Keith Everett, Medical Supervisor Virginia Simien, Medical Staff Member Gary Jenkins, Physicians Assistant Laura Conn and Nurse Mike Rostollan (hereinafter "Defendants"). The Defendants have filed a motion to dismiss or for summary judgment (docket entry #82). The Plaintiff has not filed a response.

The basis of the Plaintiff's claims are contained in an amended complaint filed on December 6, 2004 (docket entry #17). The Plaintiff stated that he sustained a heel injury in April, 2000. He has been confined to a wheelchair since June, 2000. The Plaintiff arrived at F.C.I. Texarkana in February, 2004. At that time, Defendant Jenkins tried to force him to use crutches, as opposed to a wheelchair. The Plaintiff stated that he told Jenkins that his former doctors had told him to use a wheelchair. Jenkins permitted him to continue using the wheelchair, but he had the Plaintiff's air seat cushion confiscated. On the following day, Dr. Kohl told the Plaintiff that he needed to begin

---

[1]*Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

using crutches. The Plaintiff complained, which prompted Dr. Kohl to tell him he would arrange an appointment with an outside specialist. A few weeks later, Jenkins told him that he was going to begin walking. Dr. Pappas, an orthopedic surgeon, examined the Plaintiff and concluded that he did not need surgery. Dr. Pappas also stated that he needed to start walking. He was going to have the Plaintiff fitted with a "Crow's Boot" to help him walk. The Plaintiff was taken to physical therapy when the "Crow's Boot" arrived. He had treatment on three occasions. The Plaintiff experienced pain and concluded he would remain off of his foot until he was released or received a second opinion.

The Plaintiff stated that he feared retaliation for trying to obtain access to court. He complained that Defendant Fuller did not provide him handicap access to the law library and failed to provide typewriters for inmates with court deadlines. He alleged that Defendant Everett harassed and threatened him. He argued that he had been the victim of cruel and unusual punishment.

The Defendants filed a motion to dismiss or for summary judgment on October 18, 2005. They argued that the lawsuit should be dismissed because the Plaintiff did not exhaust any of his claims before he filed the lawsuit and exhausted the access to a typewriter claim only after he filed the lawsuit. The Defendants have submitted documentation to support their arguments. Due to the submission of documentation outside the pleadings, the Court will proceed with the motion as a motion for summary judgment. Fed. R. Civ. P. 12(b). Exhibit 2 is a declaration by An Tran, an attorney advisor with the Bureau of Prisons in Oklahoma City. The records of the Bureau of Prisons reveal that the Plaintiff has submitted a total of sixteen remedy requests or appeals since his incarceration. Only one, Number 352949, concerning access to a typewriter was fully exhausted, but the final appeal was not submitted until December 14, 2004, which was after the lawsuit was

filed on December 6, 2004. The Defendants also noted that the Plaintiff admitted on page 23 of his own complaint that he did not exhaust his administrative remedies prior to filing the lawsuit.

The Defendants further argued that they are entitled to a dismissal based on qualified immunity. In conjunction with the argument, they argued that the Plaintiff has not shown that anyone was deliberately indifferent to his serious medical needs.

Summary judgment is proper when the pleadings and evidence on file show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party for summary judgment has the burden of proving the lack of a genuine issue as to all the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1221-23 (5th Cir. 1985).

In deciding a motion for summary judgment, the Court must make a threshold inquiry in determining whether there is a need for a trial. "In other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defect an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." 477 U.S. at 247-48. In making this threshold inquiry, the Court must consider that "[s]ummary judgment is proper when, viewed in the light most favorable to the non-moving party, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Smith v. Xerox Corp.,* 866 F.2d 135, 137 (5th Cir. 1989) (citations omitted); Fed. R. Civ. P. 56(c).

Once the movants make a showing that there is no genuine material fact issue to support the nonmovant's case, the nonmovant cannot survive a motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 199  (5th Cir.), *cert. denied*, 488 U.S. 926 (1988); *see also Celotex*, 477 U.S. at 324.  Rather, he must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324.  To carry this burden, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson*, 477 U.S. at 257.  Summary judgment is proper if the affidavits, depositions, answers, and admissions on file fail to establish the existence of an element essential to the plaintiff's case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.  Defaulting former officials were entitled to "benefit from the appearing defendants' favorable summary judgment motion." *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001).

Courts must employ summary judgment device cautiously. *Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986).  In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Murrell v. Bennett*, 615 F.2d 306, 311 (5th Cir. 1980).

The Defendants initially argued that they are entitled to summary judgment because the Plaintiff failed to exhaust his administrative remedies. The administrative remedy procedure for the Bureau of Prisons is a three-tiered process.  The first level is a complaint to the Warden at the local level, which is known as a "BP-9."  The initial appeal is to the Regional Director in the Regional Office, which is known as a "BP-10."  The final appeal is the Central Office Administrative Appeal, known as "BP-11."

The law governing the exhaustion of administrative remedies is 42 U.S.C. § 1997e. In 1996, Congress enacted the Prison Litigation Reform Act, which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court accordingly unanimously concluded that inmates must exhaust their administrative remedies before proceeding to federal court. *Booth v. Churner*, 532 U.S. 731 (2001). *See also Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). More recently, the Supreme Court noted that exhaustion is mandatory and is required for all actions brought by prisoners. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). It is further noted that the Court has the option to dismiss civil rights lawsuits with prejudice where an inmate filed a lawsuit before exhausting his administrative remedies. *See Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998). The Fifth Circuit has affirmed the dismissal of *Bivens* and Federal Tort Claims Act lawsuits filed by federal prisoners who have not exhausted their administrative remedies. *See, e.g., Masterson v. United States*, 83 Fed. Appx. 662 (5th Cir. 2003); *Muhammad v. Bureau of Prisons*, 51 Fed. Appx. 930 (5th Cir. 2002). An inmate may not be excused from the exhaustion requirement when he failed to follow procedures for exhausting his administrative remedies. *Days v. Johnson*, 322 F.3d 863, 867 (5th Cir. 2003); *Martinez v. Breaux*, 79 Fed. Appx. 725 (5th Cir. 2003); *Horne v. Cherian*, 73 Fed. Appx. 689 (5th Cir. 2003). The Defendants have submitted documentation showing that the Plaintiff failed to exhaust his administrative remedies, thus the complaint should be dismissed.

The complaint should be dismissed for the additional reasons that it lacks merit and due to the defense of qualified immunity. Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir.

1989). In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court noted that deliberate indifference involves more than just mere negligence. The Court concluded that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. *See also Reeves v. Collins*, 27 F.3d 174, 175 (5th Cir. 1994).

In *Domino v. Texas Department of Criminal Justice*, the Fifth Circuit discussed the high standard involved in showing deliberate indifference as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* Furthermore the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838.

239 F.3d 752, 756 (5th Cir. 2001). A prisoner will not have a basis for a potentially meritorious civil rights lawsuit based on deliberate indifference due to a disagreement as to the treatment that should be provided. *Estelle v. Gamble*, 429 U.S. at 106; *Johnson v. Treen*, 759 F.2d at 1238.

In the present case, F.C.I. Texarkana officials were responsive to the Plaintiff's condition. He was examined by doctors, including an orthopedic specialist, who concluded that surgery was not necessary and that the Plaintiff should begin walking. He was provided a Crow's Boot, and physical therapy was arranged. The Plaintiff, however, did not agree with their conclusions. His disagreement does not provide a basis for a potentially meritorious civil rights lawsuit.

The Plaintiff also complained about denial of access to court, particularly a typewriter. To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendant's actions. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In *Lewis v. Casey*, the Supreme Court stated that an inmate must show more than the inability to file a claim in order to succeed on an access to court claim; instead, he must show that he would have been able to bring a nonfrivolous claim with arguable legal merit -- he must show an actual injury. 518 U.S. at 351 n.3. In the present case, the Plaintiff clearly has had access to a typewriter. He has been able to pursue his claims and file numerous typed documents in this case. He has not shown harm. His access to court claim is devoid of merit.

Finally, the Defendants argued that they are entitled to have the case dismissed because of qualified immunity. The defense of qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established rights which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Wilson v. Layne*, 526 U.S. 603, 614 (1999). The doctrine of qualified immunity shields government officials "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Fraire v. Arlington*, 957 F.2d 1268, 1273 (5th Cir. 1992), *citing Anderson v. Creighton*, 483 U.S. 635, 638 (1987). The objective reasonableness of an official's conduct must be measured with reference to the law as it existed at the time of the conduct in question. *Anderson*, 483 U.S. at 639; *Jackson v. City of Beaumont Police Department*, 958 F.2d 616, 620 n. 5 (5th Cir. 1992) (citations omitted). *See King v. Chide*, 974 F.2d 653 (5th Cir. 1992) (discussing qualified immunity in the context of force

used against an arrestee).  The evaluation of a qualified immunity claim involves a two-step inquiry. *Harper v. Harris County*, 21 F.3d 597, 600 (5th Cir. 1994); *Colston v. Barhnart*, 130 F.3d 96, 99 (5th Cir. 1997).  The first step is to determine whether the plaintiff has shown a violation of a clearly established constitutional right.  *Id.*  The second step requires the court to determine whether the defendant's conduct was objectively unreasonable under existing clearly established law.  *Id.*

In the present case, the Plaintiff has not shown a violation of a clearly established right.  He likewise failed to show that any Defendant's conduct was objectively unreasonable under clearly established law.  The Defendants are entitled to summary judgment.  It is again noted that defaulting former officials are entitled to "benefit from the appearing defendants' favorable summary judgment motion."  *Lewis v. Lynn*, 236 F.3d at 768.  The Plaintiff has complained about the dismissal of a few Defendants, but summary judgment should be granted in behalf of all of them.  It is accordingly

**ORDERED** that the Defendants' motion for summary judgment (docket entry #82) is **GRANTED**.  It is further

**ORDERED** that the complaint is **DISMISSED** with prejudice.  It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

SIGNED this 15th day of November, 2005.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE